IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| QUINTON M. JOHNSON,<br>Reg. No. 11625-002,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | ) | CASE NO. 3:23-CV-378-ECM-KFP |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Quinton M. Johnson, an inmate proceeding pro se, is before the Court on a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Doc. 1. The United States filed a response and moved to dismiss the action. Doc. 7. For the reasons discussed below, the Court RECOMMENDS that Johnson's motion be denied without an evidentiary hearing and that this case be DISMISSED with prejudice.

## I. PROCEDURAL HISTORY

On September 26, 2018, a federal grand jury in the Middle District of Alabama returned an indictment in Case No. 3:18-CR-410-ECM-WC-1 charging Johnson with one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) and one count of Possession of Cocaine Hydrochloride in violation of 21 U.S.C. § 844(a). Crim. Doc. 1.[1] At arraignment, Johnson pleaded not guilty to both counts. Crim. Doc. 8. On January 17, 2019, the magistrate judge held a change of plea hearing where Johnson

[1] All citations to Case No. 3:18-CR-410-ECM-WC-1 are written as "Crim. Doc."

entered into a plea agreement with the Government and pleaded guilty to the felon in possession of a firearm count. Crim. Doc. 20. Pursuant to the terms of the plea agreement, the Government dismissed the indictment's second count. Crim. Doc. 18. Johnson's guilty plea was accepted, and he was adjudicated guilty of count one. Crim. Doc. 28.

On May 1, 2019, the district court conducted a sentencing hearing, accepted the plea agreement, and sentenced Johnson to 112 months of imprisonment. The district court entered judgment on May 3, 2019.[2] Crim. Doc. 31. Johnson did not appeal his conviction or sentence. On June 6, 2023, Johnson filed this § 2255 motion. The Government argues that Johnson's § 2255 motion is (1) barred by the collateral attack waivers in his plea agreement, (2) barred by the one-year period of limitation applicable to motions filed under 28 U.S.C. § 2255, and (3) without legal merit. Doc. 7.

## II. DISCUSSION

### A. Waiver Provision in Plea Agreement

The Government argues that Johnson's § 2255 motion is barred by the collateral attack waivers in his plea agreement. Doc. 7 at 1–2,4–5. The Court agrees.

The written plea agreement in Case No. 3:18-CR-410-ECM-WC-1 contained the following language:

> **<u>VI. THE DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK</u>**
>
> 14. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the conviction or

[2] In February 2024 the district court reduced Johnson's sentence to 102 months. Crim. Doc. 39. This reduction has no effect on the date on which the one-year statute of limitations began.

> sentence. The defendant further expressly waives the right to attack the conviction or sentence in any post-conviction proceeding, including proceedings pursuant to 28 U.S.C. § 2255. Exempt from this waiver is the right to appeal or collaterally attack the conviction or sentence on the grounds of ineffective assistance of counsel or prosecutorial misconduct.

Crim. Doc. 18 at 5–6. Under these provisions, Johnson waived his rights to appeal and collaterally attack his conviction and sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct.

An appeal waiver or collateral-attack waiver is valid if entered knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350–55 (11th Cir. 1993). In this circuit, such waivers are enforced consistently according to their terms. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (collecting cases). To enforce such a waiver, the government must demonstrate either that (1) the court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record shows that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

The transcript of Johnson's change of plea hearing in Case No. 3:18-CR-410-ECM-WC-1 shows that the magistrate judge questioned him about the waiver provision in the plea agreement and confirmed, through his affirmative answer, that Johnson understood he was waiving his right to later challenge his conviction and sentence, whether by appeal or collateral attack. Crim. Doc. 36 at 8–9. Thus, the record establishes that Johnson's waiver of his collateral attack right was knowing and voluntary. *Bushert*, 997 F.2d at 1351. Because the waiver is enforceable in this proceeding and Johnson's claim challenging his

sentence does not fall under the specified exceptions to the waiver, Johnson's § 2255 motion is barred from review.

**B. Limitation Period**

Johnson's § 2255 motion is also subject to a one-year statute of limitations. The one-year limitation period for § 2255 motions most often begins to run on the date a defendant's judgment of conviction becomes final.[3] *See* 28 U.S.C. § 2255(f)(1). In its response, the Government argues that Johnson's § 2255 motion is barred by the one-year period of limitation applicable to motions filed under 28 U.S.C. § 2255. *See* § 105 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Specifically, the Government contends that Johnson's conviction of possession of a firearm by a convicted felon became final on May 17, 2019, and his § 2255 motion was filed over three years after the expiration of the one-year period of limitation. Doc. 7 at 4.

A § 2255 motion must be filed within the statute of limitations period imposed by the AEDPA. Under 28 U.S.C. § 2255(f) the one-year period of limitation,

> shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[3] Johnson does not address the issue of timeliness in his complaint**.**

As discussed above, the district court sentenced Johnson on May 1, 2019, and entered judgment in his case on May 3, 2019. Because Johnson did not appeal that judgment, the conviction became final fourteen days later, on May 17, 2019. *See* Fed. R. App. P. 4(b)(1)(A)(i) (defendant's notice of appeal in a criminal case must be filed in the district court within fourteen days after the entry of the district court's judgment). Therefore, the § 2255 limitation period expired one year later on May 17, 2020. Johnson filed his § 2255 motion on June 6, 2023. Consequently, Johnson's § 2255 motion is untimely under § 2255(f)(1).[4]

**C. Johnson's claim on the merits**

Johnson argues that, in light of the Supreme Court's holding in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022*), D.C. v. Heller*, 554 U.S. 570 (2008), and *Rehaif v. United*, 588 U.S. 225 (2019), his felon-in-possession-of-a-firearm conviction must be vacated or set aside because 18 U.S.C. § 922(g) is unconstitutional, and, therefore, his conviction is unconstitutional and invalid.[5] Doc. 1 at 1, 3, 6, 7, 8. Specially, Johnson

[4] Johnson also cites to *United States v. Du Bo*, 186 F.3d 1177 (9th Cir. 1999) to support a challenge to the validity of his indictment. This claim fails for four reasons. First, *Du Bo* is a Ninth Circuit case; therefore, it is not binding on this Court. Second, the *Du Bo* court dismissed the challenged indictment because it failed to include a necessary element of the offense. Here, Johnson challenges the indictment "for failing to allege all the elements of an unconstitutional federal crime" "especially in light [o]f Bruen." Doc. 1 at 8. It appears Johnson is arguing that *Bruen* invalidated his possession of a firearm charge thereby making the indictment including that charge invalid. As discussed, *Bruen* did not invalidate his possession of a firearm charge or conviction. Also, Johnson does not identify any element missing from the indictment. Third, this claim is time-barred for the reasons discussed above. Fourth, Johnson waived his right to all non-jurisdictional claims. A defendant who enters an unconditional plea of guilty waives all non-jurisdictional challenges to the conviction. *See United States v. Betancourth*, 554 F.3d 1329, 1332 (11th Cir. 2009). A defect in an indictment is a non-jurisdictional claim. Accordingly, Johnson waived his right to challenge the indictment. Thus, Johnson's indictment challenge fails.

[5] Johnson does not argue that the other statutory tolling provisions of 28 U.S.C. § 2255 ¶ 6(2)–(4) apply to him.

asserts that 18 U.S.C. § 922(g) violates his Second Amendment right to possess a firearm because he is a non-violent offender. *Id*. at 6. The Government argues, correctly, that none of the cases cited above cast any doubt on laws prohibiting felons from possessing firearms. Doc. 7 at 5.

Johnson is incorrect that the Supreme Court recognized the right of persons convicted of non-violent felonies to possess a firearm. None of the cases he relies upon addressed non-violent felons. *Bruen* and *Heller* involved ordinary citizens and *Rehaif* involved an individual who was illegally in the United States.

In *Bruen*, the Court held that New York's statute prohibiting "law-abiding citizens" with ordinary self-defense needs from possessing firearms without "proper cause" violated the Fourteenth Amendment by restricting their right to keep and bear arms. *Bruen*, 597 U.S. at 71. *Bruen* does not create a new right for an individual who has been convicted of a felony, like Johnson, to possess a firearm.

In *Heller*, the Court held that the District of Columbia's ban of handgun possession in the home was unconstitutional. The plaintiff in *Heller* was a law enforcement officer who was attempting to register a handgun to keep at his home. In no way did the Court undermine the laws applicable to a felon's possession of a firearm. In fact, the Court explicitly stated, "[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill . . . ." *Heller*, 554 U.S. at 626–27. Thus, *Heller* does not support Johnson's claim that 18 U.S.C. § 922(g) is unconstitutional.

In *Reif*, the Court held that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the government must prove that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. *Reif* does not lend support to Johnson's argument that 18 U.S.C. § 922(g) is unconstitutional.

Thus, Johnson's argument that 18 U.S.C. § 922(g) is unconstitutional finds no footing, and the argument provides no basis upon which to vacate Johnson's conviction, even if it had been timely presented.

## III. CONCLUSION

Under the circumstances outlined herein, the one-year period of limitation of 28 U.S.C. § 2255 expired prior to Johnson filing his motion to vacate, the waiver of his collateral attack right is enforceable, and none of the statutory exceptions apply to Johnson's claim. Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Johnson's § 2255 motion be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

Further, it is ORDERED that by **June 14, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo

determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *See* 11th Cir. R. 3-1.

DONE this 31st day of May, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE